IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRAD FREDERICK,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | NO. 13-CV-3551 |
| Defendant. | : | |

**O R D E R**

**AND NOW**, this 3rd day of February 2015, upon consideration of the plaintiff's request for review (Doc. No. 11), any responses thereto, and after careful review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Doc. No. 18), it is **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1] The plaintiff made a number of objections to the Report and Recommendation (R & R). Each of these objections is without merit. Though the Report and Recommendation fairly, accurately, and thoroughly analyzes the plaintiff's request for relief, I will briefly address each objection. First, the plaintiff objects to the Administrative Law Judge's (ALJ) failure to explain why the plaintiff's anxiety, back pain, and headaches do not constitute severe impairments. As Judge Sitarski explained, this is harmless error. If a claim is not denied at Step Two, it is harmless error if the ALJ erroneously found that other impairments were non-severe. See Salles v. Comm'r of Soc. Sec., No. 06-2799, 229 Fed.Appx. 140, 145 n. 2 (3d Cir. Jun. 26, 2007)(citing Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005)).

Second, the plaintiff objects to the ALJ's application of the listings at Step Three. Rather than providing any new argument on this issue, the petitioner asserts that "[t]he R & R essentially ignores Plaintiff's argument." Doc. No. 19 at 2. I disagree. Judge Sitarski spent five pages thoughtfully and accurately addressing this issue. Doc. No. 18 at 15–21.

Next, the plaintiff objects to the ALJ's allocation of weight to the various medical opinions. The ALJ was not required to give Dr. Rodriguez's opinion controlling weight because Dr. Rodriguez was not a treating physician. See Morris v. Barnhart, No. 03-1332, 78 Fed.Appx. 820, 823 (3d Cir. Oct. 28, 2003) (finding that a psychiatrist who saw claimant only a few times over three months was not a treating source physician because his treatment was not based "on continued observation of a patient's condition over a prolonged time."). Dr. Rodriguez saw the plaintiff only three times over five months—once to obtain a disability determination and once as an emergency room follow-up. Since Dr. Rodriguez was not a treating physician, his over-reliance on plaintiff's subjective complaints was a proper basis for discounting his opinion. See Morris, 78 Fed.Appx. at 825 (stating that an ALJ may discount a physician's opinion that was premised largely on the claimant's complaints). The ALJ also discounted Dr. Schultz's opinion because it was largely based on the plaintiff's subjective complaints.

    2. The Plaintiff's request for review is **DENIED**; and

    3. Judgment is entered in favor of the Defendant.

    4. The Clerk of Court shall **CLOSE** this case.

                                       BY THE COURT:

                                       /s/Lawrence F. Stengel
                                       LAWRENCE F. STENGEL, J.

---

Fourth, the plaintiff argues that the ALJ failed to adequately explain why he found the plaintiff to not be entirely credible. Credibility determinations are for the ALJ and should not be disturbed on review unless they are not supported by substantial evidence. Pysher v. Apfel, No. 00-1309, 2001 WL 793305, at *3 (E.D. Pa. July 11, 2001) (citing Van Horn v. Schweiker, 717 F.2d 871, 973 (3d Cir. 1983)). The ALJ may reject plaintiff's subjective complaints where they are not consistent with the objective medical evidence. See, e.g., Burns v. Barnhart, 312 F.3d 113, 130–131 (3d Cir. 2002) (rejecting plaintiff's claims of drowsiness when there was no other evidence to support a finding of drowsiness); see also Schuster v. Astrue, 879 F. Supp. 2d 461, 470 (E.D. Pa. 2012) (stating that an ALJ "has the right, as the fact finder, to reject partially, or even entirely, such subjective complaints if they are not fully credible."). Here, there is substantial evidence that plaintiff's complaints are unsupported by objective medical evidence.

The plaintiff then argues that the ALJ improperly rejected the plaintiff's wife's testimony. The R & R clearly explains why: (1) the ALJ is not required to consider cumulative testimony; and (2) any error, if committed, was harmless. Doc. No. 18 at 31–33. The plaintiff's argument starts, and ends, with "[t]he error is not harmless." Doc. No. 19 at 1. Thus, the plaintiff has not provided any meritorious reasons to suggest that the ALJ's rejection of Ms. Frederick's testimony was improper.

Finally, the plaintiff objects to the ALJ's reliance on the vocational expert's (VE) testimony. The conflict between the testimony of the VE and the job descriptions in the Dictionary of Occupational Titles (DOT) is minimal. The VE testified to three occupations that the plaintiff was capable of holding. However, the DOT suggests that the plaintiff is suited for only two of those three occupations. This minor inconsistency does not warrant remand because any error on the part of the ALJ was harmless. See Boone v. Barnhart, 353 F.3d 203, 209 (3d Cir. 2003) (stating that the failure of an ALJ to explain a conflict between VE testimony and the DOT does not necessarily require reversal); Simpson v. Astrue, No. 10-2874, 2011 WL 1883124, at *8 (E.D. Pa. May 17, 2011) (explaining that a perceived inconsistency between a limitation to "simple, routine tasks" and a reasoning level of 3 is "simply not egregious enough—either in number or in substance—to bring into question the ALJ's reliance on the expert testimony as a whole." (citation omitted)).